UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 MAR 31 AM 10: 16

CLERK

BY_____
DEPUTY CLERK

DARWIN PATRICIO GONZALEZ VASQUEZ,            )
                                             )
            Petitioner,                      )
                                             )
    v.                                       )      Case No. 2:26-cv-00103
                                             )
PATRICIA HYDE, IN HER OFFICIAL CAPACITY      )
AS ACTING BOSTON FIELD OFFICE DIRECTOR,      )
IMMIGRATION AND CUSTOMS ENFORCEMENT;         )
TODD M. LYONS, IN HIS OFFICIAL CAPACITY      )
AS ACTING DIRECTOR, U.S. IMMIGRATION         )
AND CUSTOMS ENFORCEMENT; MARK WAYNE          )
MULLIN, IN HIS OFFICIAL CAPACITY AS          )
SECRETARY OF THE U.S. DEPARTMENT OF          )
HOMELAND SECURITY; and WILLIAM LAMON,        )
IN HIS OFFICIAL CAPACITY AS THE              )
SUPERVISOR IN CHARGE OF THE BEECHER          )
FALLS STATION,                               )
                                             )
            Respondents.                     )

## ORDER TO SHOW CAUSE

On March 27, 2026, Petitioner Darwin Patricio Gonzalez Vasquez filed a petition for writ of habeas corpus and complaint for declaratory and injunctive relief with respect to his present detention at the U.S. Customs and Border Patrol ("CBP") Station in Beecher Falls, Vermont, following his detention on March 25, 2026. Petitioner contends that on March 25, 2026, he was detained while working by CBP officers during a raid at his worksite. (Doc. 1 at 3.) The basis for his detention is not clear but it appears he may be entitled to a prompt bail hearing.

Congress permits judicial review in habeas corpus proceedings of determinations made under Section 1225(b)(1), but only regarding the following issues:

(A) whether the petitioner is an alien,

(B) whether the petitioner was ordered removed under such section, and

(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. § 1252(e)(2). When the court makes a determination under § 1252(e)(2)(B), its inquiry is limited to "whether such an order in fact was issued and whether it relates to the petitioner." 8 U.S.C. § 1252(e)(5). Courts may not review "whether the alien is actually inadmissible or entitled to any relief from removal." *Id.*

Petitioner asserts that he is a citizen of Ecuador. In his petition, he states that he is the father of two United States-born children, ages five and one, and that he has been a resident of Milford, Massachusetts since 2016. He asserts he "entered the United States without inspection through the southern border in February of 2016 and was never encountered by Border Patrol" until the time of his detention. (Doc. 1 at 3, ¶ 4.) He further states that he "has no criminal background" and "had been at liberty in the United States for over ten years prior to his detention[.]" *Id.* at ¶¶ 5-6.

Pursuant to 28 U.S.C. § 2243, a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

Respondents are hereby ORDERED TO SHOW CAUSE on or before April 7, 2026, why a writ of habeas corpus should not be granted. The scope of this inquiry is limited. *See Wei Chen v. Napolitano*, 2012 WL 5458064, at *3 (S.D.N.Y. Nov. 8. 2012) (noting that statutory language "unambiguously bars 'review of whether the alien is actually inadmissible or entitled to any relief from removal'") (quoting 8 U.S.C. § 1252(e)(5)). Petitioner may file a reply on or before April 13, 2026. The court may schedule a hearing promptly thereafter depending upon the parties' briefing. SO ORDERED.

2

Dated at Burlington, in the District of Vermont, this __31st__ day of March, 2026.

Christina Reiss, Chief Judge
United States District Court